IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| ROBIA J. GEE | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 09-3297M |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Robia Gee ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II and of the Social Security Act, 42 U.S.C.§§ 401-433. Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 13) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 24). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff protectively filed her application for DIB on December 12, 2006 alleging disability since August 1, 2005 on the basis of bipolar disorder. R. at 37-39, 50. Her claim was denied initially and on reconsideration. R. at 30-31. On June 23, 2008, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff testified. R. at 182-219. A

Vocational Expert ("VE") also testified. Plaintiff was represented by counsel. In a decision dated July 3, 2008, the ALJ denied Plaintiff's request for benefits. R. at 13-21. On November 20, 2009, the Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 3-6.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for DIB using the sequential process set forth in 20 C.F.R. § 404.1520. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ determined that Claimant suffered from the following medically determinable impairment: affective disorder. At step three, the ALJ found that her impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff was not capable of performing her past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 13-21.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197,

229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

IV. <u>Discussion</u>

Plaintiff raises a single issue and argues that the Appeals Council failed to properly adjudicate new and material evidence. The evidence is a Medical Assessment of Ability to Do Work Related Activities (Mental) completed by Claimant's treating psychiatrist, Dr. Moira Bogrov, on January 15, 2009 – approximately 7 months after the hearing in this matter. R. at 179-80. The evidence also includes a memorandum regarding onset of disability completed by Dr. Bogrov dated March 11, 2009. The memo indicated that the limitations set forth in the January, 2009 report had been present since 2005.[1] R. at 181. In the January, 2009 report, Dr. Bogrov indicated that Claimant possessed "no useful ability" or "poor to no[]" ability to relate to co-workers, deal with the public, interact with supervisors, deal with work stressors, function independently, maintain attention and concentration and fair ability to use judgment but "good" ability to follow work rules. R. at 178. The report went on to indicate that Claimant had only

---

[1] Dr. Bogrov inadvertently references his earlier report as dated January 14th (instead of 15th) and "Physical" instead of "Mental". R. at 178-181. There is no dispute that she intended to reference her earlier report found at

3

fair ability in the areas required to make performance adjustments, no ability to behave in an emotionally stable manner, relate predictably in social situations and only fair ability to maintain personal appearance. R. at 179. Dr. Bogrov attributed these limitations to "unstable mood with some bizarre behavior/bipolar disorder. R. at 180. That evidence was submitted to the Appeals Council which indicated in its Order that it had considered the evidence but found that it did not provide a basis for changing the ALJ's decision. R. at 3-4.

The issue of the failure of the Appeals Council to provide a detailed explanation of evidence submitted to it is not new to this Court. As stated in this Court's prior decision, the

> Court is unwilling to adopt a bright line rule that a remand is required solely because the Appeals Council fails to provide an explanation for its consideration of the additional evidence. The Court's role continues to be the determination of whether substantial evidence supports the Commissioner's decision; now, in light of the evidence which the ALJ never considered. Additionally, while evidence considered by the Appeals Council must have been found to be "material", *i.e.* a reasonable possibility that it would have changed the outcome, that alone clearly does not necessitate a finding at the district court level that the case be remanded. Rather, at this juncture, the Court's role is to determine whether the record, as whole (including that evidence considered by the Appeals Council), supports the Commissioner's findings. *Wilkins v. Secretary, Dep't of Health & Human Serv.,* 953 F.2d 93, 96 (4th Cir.1991). While the Court notes that under the outline laid out in this opinion, its review includes evidence which was neither considered by the ALJ nor explained in any meaningful fashion by the Appeals Council, it still does not undertake to *weigh* the evidence.[2]

*Yolonda Moore v. Astrue,* No. 05-2952, Aug. 4, 2007. As Plaintiff correctly points out, the

---

178-80

[2] Plaintiff's citation to *Hawker v. Barnhart*, 235 F.Supp.2d 445 (2002) for the proposition that an automatic remand is warranted for the failure of the Appeals Council to explain how it evaluated new evidence is unfounded. In *Waters v. Astrue*, 495 F.Supp.2d 514-515 (D. Md. 2007), the Court held that such an automatic remand is not required.

4

Appeals Council considered the evidence but found that it did not provide a basis for changing the ALJ's decision. R. at 2-6. While the Appeals Council provided nothing further by way of explanation, the Court finds no error.

The Appeals Council is only required to consider additional evidence "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins,* 953 F.2d at 95–96, *see* 20 C.F.R. § 404 .970(b). Evidence is new if it is not duplicative or cumulative. *Wilkins,* 953 F.2d at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.;* 20 C.F.R. § 404.970(b). Even assuming the evidence is new and related to the relevant period, the Court does not find that the evidence would have changed the outcome.

The ALJ thoroughly reviewed the evidence in the record and found that Claimant's depression was not disabling. He noted that her mental status has been stable and when she is motivated to do so she is capable of performing work activity. R. at 17. He further noted that her last documented hospitalization was five years prior to his decision and more than two years before her alleged onset date. *Id.* Since her alleged onset date, the ALJ found the evidence to demonstrate that she has been compliant with her medications and continuously found to be stable. *Id.* He relied on treatment notes from Lifebridge center (with Dr. Bogrov and her counselor M. Welling, R.N. CS-P) which showed that her only treatment was oral medication and that her visits through May, 2008 (approximately three years after her alleged onset date) documented intact mental status exams and stable mood without manic or depressive symptoms. R. at 17, 155-74. The ALJ also noted that she was stable enough to complete a job

training internship and search for a job. *Id.*

The ALJ cited a plethora of evidence to support these findings including the consultative psychiatric examination of Dr. Nicola Cascella dated June, 2007. *Id.* at 18, 135-41. Dr. Cascella noted that Claimant was alert and cooperative and her mood was okay. Her mental status examination was intact with no suicidal or homicidal ideation, hallucinations or delusions. She was noted to have some moderate difficulties in functioning but not marked. *Id.*

The ALJ noted this report was consistent with notes from Claimant's visits to Lifebridge from August 2005 through May 2008. Treatment notes indicate generally that Claimant's personal hygiene was generally good, she was dressed appropriately, she was alert and attentive, processes were spontaneous, goal directed and coherent and her affect was appropriate. R. at 100-26, 155-73. Despite a few months of depressed mood due to the death of her mother,[3] the ALJ noted that she had intact mental examinations. He specifically noted that by May, 2008, Claimant was doing better, cooking and going out twice a week and no other complaints documented. R. at 18, 155-74.

The ALJ also noted that Claimant's own admissions of activities of daily living did not support a finding that her depression was disabling. She reported being able to take care of her personal needs and inside household tasks. R. at 18. She did not have any problems handling money and took care of grocery shopping and balancing her checkbook. She indicated that she watched game shows, the news and stories on television. R. at 18, *see, e.g.,* R. at 62, 64, 65, 67.

---

[3] Claimant's mother died in October, 2007 and she felt depressed until the following March, R. at 165, but her mood was better by April 2007 at which time Dr. Bogrov described her as euthymic. R. at 161.

The evidence cited above and relied upon by the ALJ constitutes substantial evidence to support the ALJ's decision. The new report from Dr. Bogrov is unsupported and inconsistent with this evidence, particularly the treatment notes from Lifebridge. The Court has no problem finding that the evidence is not material and would not have likely changed the ALJ's decision.

V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date September 26, 2011 _____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge


Copies to:
W. James Nicoll
Jenkins Block & Associates, P.C.
The Symphony Center
1040 Park Avenue
Suite 206
Baltimore, MD 21201


Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692